IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEN ARIS RAMIREZ, )
      Petitioner, ) Civil Action No. 09-130 Erie
)
v. )
) Magistrate Judge Susan Paradise Baxter
FRANCISCO J. QUINTANA, )
      Respondent. )

**OPINION AND ORDER**[1]

Pending before the Court is Petitioner Ben Aris Ramirez's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. He challenges his criminal conviction and sentence on the basis that he is actually innocent of the charge of 8 U.S.C. §§ 1326(a) and (b). (ECF No. 4 at 5).

For the reasons set forth below, the Court must dismiss the petition for lack of subject matter jurisdiction.

**I.**

**A.**     **Relevant Background**

On September 17, 2007, following a not guilty plea, the U.S. District Court for the Southern District of Texas sentenced Petitioner to a term of imprisonment of 63 months, to be followed by a three-year term of supervised release, for his conviction of an Alien Unlawfully Found in the United States After Deportation, Having Previously Been Convicted of an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a) and (b). (ECF No. 12-1 at 13-18, Resp's Ex. 2, Judgment in <u>United States v. Ramirez</u>, No. 1:07-cr-00041 (S.D. Tex.)). Petitioner filed an appeal in which he contended that his prior

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

conviction did not constitute a crime of violence for purposes of sentencing. He also asserted that the sentence imposed was unreasonable. On May 30, 2008, the U.S. Court of Appeals for the Fifth Circuit issued an Opinion affirming Petitioner's judgment of sentence. United States v. Ramirez, 280 F.App'x 345 (5th Cir. 2008). The U.S. Supreme Court denied a petition for writ of certiorari on October 6, 2008. Ramirez v. United States, 129 S.Ct. 324 (2008).

Petitioner did not file a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In October of 2009, he filed with the U.S. District Court for the Southern District of Texas a request to file a § 2255 motion out of time. On March 4, 2010, that court denied his request. See ECF Nos. 63 and 66 in United States v. Ramirez, No. 1:07-cr-00041 (S.D. Tex.) (available on PACER)).

Pending before this Court is Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241. Therein, he challenges his criminal conviction and sentence on the basis that he is actually innocent of the charge of 8 U.S.C. §§ 1326(a) and (b). (ECF No. 4 at 5). In the Answer (ECF No. 12), Respondent contends that the petition must be dismissed for lack of subject matter jurisdiction. Petitioner has filed a Reply (ECF No. 13) and brief (ECF No. 15).

**B.    Discussion**

    1.    **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her

2

federal conviction or sentence.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).  In contrast, "matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated."  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974).  Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255."  Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondent correctly contends that this Court should dismiss the petition for want of subject matter jurisdiction because Petitioner is challenging the validity of his conviction and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

**2.     The Savings Clause of 28 U.S.C. § 2255**

Petitioner asserts that he is entitled to pursue the instant habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective.  Section 2255 provides, in pertinent part:

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner does not articulate any persuasive reason to support his contention that this case falls within § 2255's "savings clause" or "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

4

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction to consider the claims he raises in the instant action and his petition must be dismissed.

**C.      Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

**II.**

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEN ARIS RAMIREZ,<br>　　　Petitioner,<br><br>　　v.<br><br>FRANCISCO J. QUINTANA,<br>　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 09-130 Erie<br><br><br>Magistrate Judge Susan Paradise Baxter |

## **ORDER**

AND NOW, this 18th day of October, 2011;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED. The Clerk of Courts is hereby directed to close this case.

　　　　　　　　　　　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　　Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record